IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Nel Steffens, Deputy Clerk                          Date: September 13, 2007
Therese Lindblom, Court Reporter
Kurt Thoene, Probation Officer

Criminal Action No. 06–cr–00244–EWN

*Parties:*                                          *Counsel:*

UNITED STATES OF AMERICA,                           Tim Neff and Kenneth Harmon

      Plaintiff,

v.

1. NICOLE PULLER,                                   Neil MacFarlane

      Defendant.

---

## SENTENCING MINUTES

---

**3:08 p.m.**     Court in session.

Government Exhibit 1 is submitted and received for purposes of this hearing.

**ORDERED:  1.     Defendant Nicole Puller's Motion to Restrict News Media (#341, filed August 22, 2007) is DENIED.**

**Defendant pled guilty on January 5, 2007, to Counts 3 and 32 of the Second Superseding Indictment.**

Mitigation statement by Mr. MacFarlane.

Statement by Defendant.

Statement by Mr. Neff.

Court's findings.

**ORDERED: 2.**     **No fine is imposed.**

**ORDERED: 3.**     **Defendant is imprisoned for a term of thirty-four months on each count of conviction, to be served concurrently.**

The court recommends FCI Safford for service of sentence.

**ORDERED: 4.**     **Upon release from imprisonment, defendant shall be placed on supervised release for a period of three years on each count, to be served concurrently.**

**ORDERED: 5.**     **Within seventy-two hours of her release from the custody of the Bureau of Prisons, defendant will report in person to the probation office in the district in which she is released.**

**ORDERED: 6.**     **Conditions of supervised release are:**

    **a.**     **Defendant is to observe all of the standard conditions of supervised release.**

    **b.**     **Defendant is not to possess any firearm, destructive device or any other dangerous weapon as defined by federal or state statute.**

    **c.**     **Defendant is not to illegally possess or use controlled substances.**

    **d.**     **Defendant is to submit to one drug test within 15 days of her release and two other periodic tests, as directed by the probation officer.**

    **e.**     **Defendant is not to commit a federal, state, or local crime.**

    **f.**     **Defendant shall cooperate in the collection of DNA as directed by the probation officer.**

g.  Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as defendant is released from the program by the probation officer. Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. Defendant shall be required to pay the costs of treatment as directed by the probation officer.

h.  Defendant shall participate in a program for testing and treatment of alcohol abuse, as directed by the probation officer, until she is released from the program by the probation officer. She shall pay all costs associated with this program.

i.  Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless she is in compliance with all periodic payment obligations imposed pursuant to the court's judgment and sentence.

ORDERED:  7.  Defendant shall make restitution payments in the total amount of $149,821.00. This amount is owed jointly and severally with co-defendant Ronald Fontenot as to the entire amount; $26,493.00 is owed jointly and severally with co-defendants Torrence James and Taiwan Lee. It is to be satisfied no later than when the term of supervision expires. It is due and payable during the term of incarceration. Any unpaid balance is to be paid during the term of supervision in either a lump sum or in equal monthly installments, commencing thirty days after release from the term of imprisonment to a term of supervised release. The interest requirement is waived. Partial payments will be apportioned among the victims in the ratio to which each victim's loss bears to the total loss.

ORDERED:  8.  Defendant shall pay a special assessment fee of $200 due immediately.

ORDERED:  9.  Payments made pursuant to the court's judgment shall be applied in the following order: (i.) special assessment, (ii.) restitution principal.

ORDERED:  10.  Plea agreement is accepted.

*Sentencing Minutes*
*06-cr-00244-EWN*
*Chief Judge Edward W. Nottingham*
*Page 4 of 4*

**ORDERED:  11.**   **Government's Amended Motion to Dismiss Counts of the Indictment and Motion Pursuant to USSG §3E1.1 to Award Defendant a Three Point Reduction in Offense Level for Acceptance of Responsibility (#299, filed April 4, 2007) is GRANTED.**

**ORDERED:  12.**   **Government's Motion for Final Order of Forfeiture (#303, filed April 4, 2007) is GRANTED.**

Government counsel are directed to ensure that a proposed final order of forfeiture is emailed to the chambers email address.

**ORDERED:  13.**   **Regarding civil case no. 05-cv-01528-EWN: Government's Motion for Clerk's Entry of Default (#38, filed November 2, 2006) is GRANTED.**

**ORDERED:  14.**   **Regarding civil case no. 05-cv-01528-EWN: Defendant's Motion for Return of Property (#39, filed January 4, 2007) is DENIED.**

Defendant is advised of her right to appeal.

Defendant is remanded to the custody of the United States Marshal for the District of Colorado.

**3:36 p.m.**   Court in recess.

Hearing concluded.

Total time in court:   00:28